```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NOEL CLARK, JR.,

                Plaintiff,

vs.                                        Case No. 2:06-cv-639-FtM-29DNF

JORGE HERNANDEZ, JAMES CARPENTER,
LESTER HORNBAKE, CRAIG COFFEE,
SHEILA SAPP, TOM SOUTH, JOHN DOES 1
AND 2, and CRAIG COFFEE as head of
Desoto County Community Development
also as the employer,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #67), filed on June 4, 2007. Plaintiff filed a Response (Doc. #71) on June 13, 2007. Defendants seek dismissal based upon plaintiff's lack of standing. The Court will dismiss the Amended Complaint because it is a shotgun complaint which fails to set forth an identifiable federal cause of action for which standing is alleged. Because it may be possible to plead such a federal cause of action, the Court will allow plaintiff to file a Second Amended Complaint.

**I.**

Plaintiff Noel Clark, Jr. (plaintiff or Clark) is a self-described former "honorary good old boy" who resides in DeSoto

County, Florida. (Doc. #42, p. 9.) Clark asserts that while life was good as an "honorary good old boy", a falling out with defendant Tom South has resulted in revocation of this status and a series of discriminatory acts against him by county government officials. In his Amended Complaint Clark brings one claim for violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and a number of state law claims.

The Amended Complaint (Doc. #42) is a shotgun complaint of the type condemned by the Eleventh Circuit because plaintiff has improperly incorporated all allegations of each count in every successive count. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). This must be corrected in the Second Amended Complaint.

Plaintiff's only federal cause of action is Count I, which alleges "Deprivation of Constitutional Rights." Although plaintiff incorporates all preceding paragraphs, he does not identify any specific constitutional right which has been violated by specific defendants. Rather, he simply alleges that the defendants violated "rights secured to the Plaintiff, CLARK, by the constitution of the United States of America." (Doc. #42, ¶ 37.) This is insufficient, especially in a case such as this where individual defendants may be entitled to qualified immunity. The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834, 837 (11th

Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). Plaintiff may be able to state a constitutional claim against one or more of the defendants, but he has not done so in the Amended Complaint.

Every complaint must contain sufficient allegations of standing. Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994). In order to establish standing, a plaintiff must adequately allege and ultimately prove three elements: (1) that he has suffered an "injury-in-fact;" (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vt. Agency of Natural Res. v. United States, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993). In addition, a plaintiff seeking injunctive relief lacks standing unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant. Shotz, 256 F.3d 1081. "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate -- as opposed to a merely conjectural or hypothetical -- threat of

future injury." Church, 30 F.3d at 1337; see also Bowen v. First Family Fin. Servs., 233 F.3d 1331, 1340 (11th Cir. 2000).

It is plaintiff's responsibility to allege facts sufficient to establish his standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." Miccosukee Tribe of Indians of Fla. v. Florida State Ath. Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000); see also Shotz, 256 F.3d at 1081. Without a clearly stated constitutional claim, the Court is left to speculate as to standing.

While defendants assert plaintiff cannot show standing as to any of his claims, this is not a foregone conclusion. While being a former good old boy is not a suspect classification, there may be an equal protection claim if plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). There may also be a Fourth Amendment claim, although this cannot be determined from the current allegations in the Amended Complaint.

## II.

As plaintiff is proceeding *pro se*, the Court will take this opportunity to explain some of the responsibilities and obligations that he bears as a *pro se* party. The Court finds that plaintiff

should be afforded an opportunity to amend the complaint to properly allege his claims and in doing so plaintiff should adhere to the following instructions.

In filing a Second Amended Complaint, plaintiff must conform to the pleading requirements of FED. R. CIV. P. 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be entitled "Second Amended Complaint." Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statutes. Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must allege and prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). Plaintiff also must allege and prove an affirmative causal connection between defendant's conduct and the constitutional deprivation. Marsh v. Butler County, 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc); Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995).

Plaintiff must also provide support in the statement of facts for the claimed violations.  Further, in the body of the Second Amended Complaint Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged claim.  Plaintiff must provide support in the statement of facts for the claimed violations.  More than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also state which defendants are being sued for each particular count of the Second Amended Complaint.

### III.

In light of the Court's determination that plaintiff should be provided an opportunity to amend the Amended Complaint, the Court finds that the current dates under the Case Management and Scheduling Order (Doc. #38) are not viable.  Also, a Report and Recommendation (Doc. #99) was issued on February 4, 2008, recommending that sanctions be imposed for plaintiff's failure to participate in and provide discovery and to dismiss the case.  The Final Pretrial Conference is currently scheduled for February 19, 2008.  As the parties will not have adequate time to file objections, the Court will also continue the deadlines on this basis.

Accordingly, it is now

**ORDERED**:

1.  Defendants' Motion to Dismiss (Doc. #67) is **GRANTED**, and the Amended Complaint (Doc. #42) is dismissed without prejudice.

Plaintiff is granted leave to file a Second Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.

3. The Final Pretrial Conference and trial dates are **cancelled.**

4. The Clerk shall issue an Amended Case Management and Scheduling Order continuing all deadlines by approximately **NINETY (90) DAYS**.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of February, 2008.

_____
JOHN E. STEELE
United States District Judge